### The Chicago & E. I. R. R. Co. v. Edward Chipman.

1.  EVIDENCE—*Of Previous Conditions.*—In an action against a railroad company for killing horses, evidence showing what the condition of the guards and fences, at the place where the horses got upon the right of way, was a year before, followed by proof of their continuous bad condition from then to the time of the occurrence, is competent.

**Action for Killing Stock.**—Appeal from the Circuit Court of Kankakee County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the October term, 1899.  Affirmed.  Opinion filed February 1, 1900.

WILLIAM R. HUNTER, attorney for appellant.

E. P. HARNEY and T. F. DONOVAN, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee brought this suit against appellant to recover the value of five horses, killed by appellant on its right of

way, in August, 1898, and on a jury trial recovered $350. The horses were of a special breed and weight, and it is not argued that the verdict is excessive, if plaintiff is entitled to recover. The amended declaration in different counts charged a failure to construct, maintain and keep in repair suitable and sufficient cattle-guards and fences at a certain highway crossing over defendant's railroad, without the limits of towns, cities and villages, and that by reason thereof said horses strayed and wandered along and upon said railroad at said highway crossing, and were struck and killed by a locomotive engine running upon said railroad.

Plaintiff's home was west of the railroad, and he had a pasture east of the railroad, where he kept eleven horses in the summer. On the night in question they in some way escaped from the pasture through a gate, and started for home. When crossing defendant's railroad at the highway crossing between the pasture and the home place, five of them turned north, passed between the fences and the cattle-guard and to and upon the right of way, and were struck by a running train and killed, some sixty rods north of the crossing. The cattle-guards were known as wooden surface-guards. It was a disputed question of fact whether there was an opening underneath or whether that space was filled with sand. Between the ends of the guards and the fence, on either side, was a space, as to the width of which the evidence ranges from two and one-half feet to three or four feet. The fence had been in that condition since it was built a year before. The marks of the feet of one horse were found on the guards. The tracks of the other horses were between the fences and the guards on either side. Four months before, as a neighbor on horseback was driving cattle across the track at this crossing, his cattle turned up the track and passed between the fence and the cattle-guards at this point, and he rode his horse between the fence and cattle-guards and drove the cattle back the same way. As the proof showed that the fence, at the time the plaintiff's horses were killed, was in the same condition as ever since it was built, a year before, we think this

evidence was competent. It tended to show the space was wide · enough for horses to pass through, and that it had been in that condition for a long time. The jury have determined the disputed questions of fact for the plaintiff, and the evidence warranted that verdict.

The only important ruling upon testimony adverse to defendant, set out in the abstract, was cured by evidence afterward let in, covering the point. Defendant discusses the refusal of the court to permit certain other questions said to have been put by defendant, but they are not set out in the abstract, nor does the brief give the name of the witness, nor the page of the record where the alleged ruling can be found. Plaintiff's instructions complained of are in the language of the statute. The jury were very strongly instructed for defendant. We find no reversible error in the record, and the judgment is affirmed.